IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Jones, | ) C/A No.: 0:12-1009-GRA-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Michelle J. Childs; John Ernest Kinard, Jr.; L. Casey Manning, | ) **RECOMMENDATION** |
| Defendants. | ) |

The plaintiff, Nathaniel Jones ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Plaintiff files this complaint in which he appears to claim alleged violations of his right to free speech, and access to the courts. The plaintiff also refers to a petition for writ of mandamus filed in state court sometime between 2008 and 2010. During the course of those proceedings he filed several motions, which were apparently denied. Consequently, he has named as defendants three judicial officers: L. Casey Manning, state circuit court judge; John Ernest Kinard, Jr., state circuit court judge; and Michelle J. Childs, federal district court judge. Plaintiff alleges in his Complaint that because the defendants "shared the same conspiratorial objective" insofar as "they agreed jointly to make a wrongful discharge . . . because the Plaintiff exercise[d] free speech in a Motion

for Summary Judgement And A Motion for Preliminary Injunction" he has been harmed. He seeks two million dollars in damages. (See generally Compl., ECF No. 1.)

This is not the first time the plaintiff has sued a judicial officer. In Jones v. Manning,[1] Civil Action No. 0:11-1093-JMC-PJG, Judge Childs dismissed a case with prejudice that had originally been filed against Judge Manning in state court because Judge Manning had absolute judicial immunity. The state court case was captioned Jones v. Thames, Civil Action Number 09-CP-40-01535, in the Richland County Court of Common Pleas. In that action, the Plaintiff alleged that Assistant Attorney General Julie Thames provided "misleading information" to Circuit Court Judge Michael Nettles in the plaintiff's habeas corpus action captioned Jones v. State of South Carolina, Civil Action No. 2008-CP-21-1999. Thames moved for summary judgment on several grounds. A hearing was held before Circuit Court Judge Alison Renee Lee on October 21, 2009. By order filed February 5, 2010, Judge Lee granted summary judgment to Thames on the basis that she was entitled to absolute prosecutorial immunity. The plaintiff then filed a Rule 59(e) motion for reconsideration, which was subsequently denied by Judge Lee in her order filed March 2, 2010. The plaintiff did not file an appeal from these orders. Instead, on July 8, 2010, the plaintiff filed a motion for relief from the judgment pursuant to Rule 60(b), SCRCP. The Plaintiff also filed a motion to disqualify Judge Lee and for an evidentiary hearing. Those

---

[1] A court may take judicial notice of its own books and records. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

motions were heard on December 1, 2010, by Defendant L. Casey Manning in his capacity as a Circuit Court Judge. By form order filed December 3, 2010, Judge Manning denied the motions. Plaintiff then filed a Complaint in state circuit court against Judge Manning claiming his rights to "freedom of speech" and the right to "[p]eaceably . . . petition . . . the [c]ourt" were hindered. He sought damages, and the case was removed to federal court, where Judge Childs dismissed the action, as noted above.

Plaintiff has also sued judicial officers in other proceedings filed in this Court. See Jones v. Carr, 9:01-2195-GRA-WWD (D.S.C. 2001); Jones v. Anderson, 8:04-214-MBS-JRM (D.S.C. 2004); and Jones v. Toal, 6:04-2371-GRA-WMC (D.S.C. 2004).

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to 28 U.S.C. § 1915A(a). Under that provision, the court must review, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. The statute also directs the court to identify cognizable claims, or dismiss the complaint if it is one which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(2).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

*PJG*

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Judges are absolutely immune from any claim seeking damages for alleged harms arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). As a result, Defendants Manning, Kinard, and Childs are entitled to summary dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed *with* prejudice. See 28 U.S.C. § 1915A (the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal). In light of this recommendation, the court further recommends that the plaintiff's pending motions (ECF Nos. 10, 11, & 17) be terminated.

PJG

It is further recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319 (1989). The undersigned concludes that this action is frivolous, malicious, and duplicative, and therefore fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a strike under this statute.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 2, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).