IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Jones, | ) | Civil Action No.: 0:12-1009-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED ORDER AND OPINION** |
| | ) | |
| Michelle J. Childs; John Ernest Kinard, Jr.; L. Casey Manning, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) ) | |

On April 13, 2012, Plaintiff Nathaniel Jones, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his right to free speech and access to the courts. (Compl., ECF No. 1). Plaintiff also refers to a petition for writ of mandamus filed in state court sometime between 2008 and 2010. During the course of those proceedings he filed several motions, which were apparently denied. Consequently, he has named as defendants three judicial officers in the instant action: L. Casey Manning, state circuit court judge; John Ernest Kinard, Jr., state circuit court judge; and Michelle J. Childs, federal district court judge. (Compl. 3, ECF No. 1). Plaintiff alleges that Defendants "shared the same conspiratorial objective" insofar as "they agreed jointly to make a wrongful discharge and retaliated because the Plaintiff engaged in free speech in a Motion for Summary Judgment and a motion for Preliminary Injunction..."(Compl. 3, ECF No. 1).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 2, 2012, Magistrate Judge Gossett issued a Report and Recommendation recommending that the court dismiss Plaintiff's complaint *with* prejudice, and that the dismissal of this case be deemed a strike

pursuant to 28 U.S.C. § 1915(e)(2) and (g). (Report & Recommendation 5, ECF No. 24). The Magistrate Judge notes that Plaintiff has sued judicial officers in several other proceedings filed in this Court.  *See Jones v. Carr*, No. 9:01-2195-GRA-WWD (D.S.C.  July 9, 2001); *Jones v. Anderson*, No. 8:04-214-MBS-JRM (D.S.C. Aug. 17, 2004); and *Jones v. Toal*, No. 6:04-2371-GRA-WMC (D.S.C. Aug. 12, 2004); Jones v. Manning, No. 0:11-1093-JMC-PJG (D.S.C. Nov. 16, 2011).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. On July 2, 2012, Plaintiff was advised of his right to file objections to the Report and Recommendation. (Report & Recommendation 7, ECF No. 24).   However, he has not done so. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice and without service of process. This ruling will moot Plaintiff's other

pending motions (ECF Nos. 10, 11, &17).

The Clerk of Court shall note on the docket sheet of this case that the above-captioned case has been deemed to be a "strike" for purposes of the "three strikes" provision in the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915 (e)(2) and (g); *cf. Green v. Nottingham*, 90 F.3d 415, 417-420 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively).

IT IS SO ORDERED.

                                                 s/Mary G. Lewis
                                                 United States District Judge

Spartanburg, South Carolina
September 5,  2012